IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| GEORGE BROOKS | § | |
| | § | |
| V. | § | A-18-CV-113 RP |
| | § | |
| RODNEY MEYERS, Warden, FCI-Bastrop | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

Before the Court are George Brooks' Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241 (Dkt. # 1) and Respondents' Motion to Dismiss the Petition for a Writ of Habeas Corpus (Dkt. No. 12). The District Court referred the above-case to the undersigned Magistrate Judge for a determination pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Court Rules.

**I. GENERAL BACKGROUND**

On February 20, 1987, Petitioner George Brooks pled guilty to rape in violation of 18 U.S.C. § 2031. On May 8, 1987, a judge in the Waco Division of the United States District Court for the Western District of Texas sentenced Brooks to 50 years in prison pursuant to 18 U.S.C. § 4205(a). See *United States v. Brooks*, 6:87-CR-00006 WSS-1. The District Court subsequently denied Brooks' Rule 35 Motion for Reduction of Sentence and denied his Motion to Vacate under 28 U.S.C. § 2255. See Dkt. Nos. 39 and 46 in 6:87-CR-00006-WSS-1. On May 6, 1997, the Fifth Circuit denied Brooks' appeal. Dkt. No. 55 in 6:87-CR-00006-WSS-1.

On May 9, 2003, the United States Parole Commission (USPC) released Brooks to parole. On January 7, 2005, the USPC revoked his parole after he violated his parole. On January 11, 2006, the USPC granted Brooks re-parole with an effective parole date of February 7, 2006. On January

30, 2013, the Copperas Cove Police Department arrested Brooks after a woman accused him of breaking into her house and raping her. On January 31, 2013, the USPC issued a warrant for Brooks' arrest on suspicion that Brooks violated the terms of his parole by committing the above offense. On April 15, 2014, the USPC found probable cause that Brooks had violated his parole by committing burglary of a habitation with intent to commit other felony.

On November 7, 2014, the USPC held a parole revocation hearing and Brooks was represented by his attorney, Richard Ferguson. The rape victim and a nurse testified at the hearing. After reviewing all of the evidence presented and defense counsel arguments, the USPC hearing examiner found that Brooks had violated his parole by committing the offense of burglary of a habitation with intent to commit other felony and recommended that Brooks serve the remaining time on his original sentence which was 176 additional months at the time of the hearing.

On December 8, 2014, the USPC adopted the hearing examiner's findings and ordered that Brooks' parole be revoked and that he serve to the expiration of his original 50 year sentence. Ex. 12-1 at p.41-43. Although the USPC notified Brooks that he had 30 days to file an administrative appeal of the USPC's decision pursuant to 28 C.F.R. § 2.26(2), Brooks did not file any appeal.

On February 5, 2018, Brooks filed the instant Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 arguing that he was denied the effective assistance of counsel during his parole revocation hearing and that the revocation decision was therefore erroneous. The Court is unable address the merits of Brooks's arguments because he has failed to exhaust his administrative remedies and his claims are outside the proper scope of a § 2241 petition.

## II. ANALYSIS

"A prisoner challenging a Parole Commission decision is required to exhaust his administrative remedies before seeking habeas relief in federal court under 28 U.S.C. § 2241."

*Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). "Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Id.* (internal citation omitted). However, exceptions to the exhaustion requirement only apply in "extraordinary circumstances" and the petitioner bears the burden of demonstrating the futility of administrative review. *Id.*

Under 28 C.F.R. § 2.26, a prisoner must file an appeal of the decision to revoke parole with the National Appeals Board "within 30 days from the date of entry of the decision that is the subject of the appeal." 28 C.F.R. § 2.26. Thus, the exhaustion doctrine requires that a petitioner present his claims to the National Appeals Board, thereby giving it an opportunity to review the decision reached by the Parole Commission. *Fuller*, 11 F.3d at 61. Accordingly, before Brooks may seek relief in federal court, he must file an appeal with the National Appeals Board. As the Fifth Circuit has reasoned: "We require [petitioner] to take this further step because until he actually appeals and that appeal is acted on, we do not know what the appeals board will do with [petitioner's] claim, and until the appeals board has been given an opportunity to act, [petitioner] has not exhausted his administrative remedies." *Id.* Because Brooks did not file an appeal with the National Appeals Board and has failed to demonstrate the futility of an administrative review, he has failed to exhaust his administrative remedies and may not seek relief in federal court. Accordingly, his § 2241 Petition must be dismissed for failure to exhaust his administrative remedies. *See Fillingham v. United States*, 867 F.3d 531, 535 (5th Cir. 2017) (affirming district court's dismissal of § 2241 petition challenging parole revocation where petitioner failed to file an administrative appeal), *cert. denied*, 138 S.Ct. 1035 (2018); *Fuller*, 11 F.3d at 61 (same).

Brooks' § 2241 Petition should also be dismissed because his claims of ineffective assistance are outside the scope of a § 2241 petition. "28 U.S.C. § 2255, not § 2241, is the proper means of attacking errors that occurred during or before sentencing." *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997). In contrast, § 2241 is used by prisoners to attack the manner in which a sentence is carried out or the prison authorities' determination of its duration. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). A § 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a § 2255 motion. *Id.* at 452. Brooks has filed a § 2255 motion previously which was denied and any such motion would nevertheless be time-barred under the one-year statute of limitations under § 2255.

The Court may nevertheless address Brooks' claims through the so called "savings clause" provision of § 2255 if he can demonstrate that § 2255 otherwise provides him with an "inadequate" or "ineffective" remedy. *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). A petitioner seeking relief under the § 2255 savings clause must demonstrate (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him by decriminalizing the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on appeal, or in his original § 2255 petition. *Id.* "[T]he core idea is that the petitioner may have been imprisoned for conduct that was not prohibited by law." *Id.* at 903. It is the petitioner's burden to demonstrate that "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." § 2255(e); *see also Pack*, 218 F.3d at 452.

Because Brooks neither cites a retroactively applicable Supreme Court decision in support of his claims nor argues that they were foreclosed by circuit law at the time of his trial, appeal, or § 2255 motion, of his parole revocation, Brooks has failed to demonstrate that § 2255 provides him

with an inadequate or ineffective remedy. Accordingly, Brooks has not shown that he is entitled to proceed under § 2241 based on the savings clause of § 2255(e).

## III. RECOMMENDATION

Based upon the foregoing, the undersigned **RECOMMENDS** that the District Court **GRANT** Respondents' Motion to Dismiss the Petition for a Writ of Habeas Corpus (Dkt. No. 12) and **DISMISS** *without prejudice* George Brooks' Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt. No. 1).

## IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 16th day of July, 2018.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE